## ALLEN v. THE MAYOR, ETC., OF NEW YORK.

*(Circuit Court, S. D. New York.   June 15, 1880.)*

1. EQUITY—PRACTICE—APPLICATION OF EQUITY RULES.

   Rules of equity are framed to bring a cause to hearing, and do not apply after a hearing, unless the necessary steps are taken to bring it within their operation, and start the cause anew towards a hearing.

2. SAME—SAME—TECHNICAL DEFECTS—WAIVER.

   After a hearing and decree a cause will not be opened for mere technical and unimportant defects in the steps preliminary thereto, where no injustice has resulted to the parties. Such defects, if not objected to at the time, must be considered as waived.

3. PATENT—DECREE PRO CONFESSO.

   In a suit upon a patent for school furniture against a city, its board of education, and its several successors, where the board last organized failed to answer, and no decree *pro confesso* was taken against it, and the cause proceeded without objection to a final hearing and decree upon the pleadings, *held*, that such board could not take advantage of the omission to enter the decree *pro confesso* and file its answer.

In Equity.

WHEELER, D. J.   This suit was brought against the city and the then board of education, a corporation within that of the city, and an instrumentality of the city having charge of its educational interests and institutions, for infringement of

a patent in the use of the school furniture of the schools of the city. The suit proceeded until the legislature of the state provided a successor of the board of education, called the department of public instruction, and then a successor to that, called, again, the board of education. Answers and replication were filed and testimony was taken. After the new board of education was created it was summoned to appear and answer as a party defendant, but did not. The bill was not taken *pro confesso* against it, and after several terms the cause was fully heard, on the issues made by the pleadings which were in, without objection by either party, and without bringing the fact that the bill against the new board of education had not been answered nor taken *pro confesso* to the attention of the court. The cause was decided, and an interlocutory decree ordered, since which the new board has filed an answer, and the plaintiff has moved to have it taken from the file, and the cause has been heard on this motion.

The rules in equity are framed for bringing a cause to a hearing, and do not apply after a cause has been heard unless some proceedings are taken to bring it within their operation again, and to start it anew towards a hearing. When the cause is heard, without objection by either party, all steps not taken by either, which the other had a right to insist upon for the orderly bringing the cause to a hearing, must be considered as waived. Any other course would lead to reopening causes, after hearing, for technical and unimportant defects, and greatly embarrass the prompt administration of justice by the courts, which is for the good of the people. In this case, theoretically, probably, these new corporations were new parties, whom it was necessary to bring in, but, practically, they were successors in the same right and duty. Whatever would be a defence for one would be for the other, and when pleaded by one, and tried on the issues made, the trial would be the same as if the same defence was pleaded anew. Each of these corporations is understood to be representative in its character, and, if the principal is represented in every defence by one, it is not necessary to the

preservation of its rights that it be successively represented in the same defences by all. The want of an answer by the new board has not, so far as is made to appear, affected the issues. The decision has not been made at all upon the bill not answered, as if it had been taken *pro confesso*, nor upon anything but the proofs applicable to the issues. No injustice has resulted from the course taken, so far as is seen, and none appears likely to result if the pleadings remain as they are.

The motion is granted, and the answer ordered to be taken off the file.

NOTE. See *Munson* v. *The Mayor*, 3 FED. REP. 338.